# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CNH AMERICA LLC,

                **Plaintiff,**

      **v.**                                                    **Case No. 08-C-720**

INTERNATIONAL UNION,
UNITED AUTOMOBILE,
AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

                **Defendant.**

---

# DECISION AND ORDER

---

       This matter is before the Court on the Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America's ("UAW") motion to extend time to answer or otherwise respond to the complaint (Docket No. 5), the UAW's motion to transfer the action to the United States District Court for the Eastern District of Michigan (Docket No. 8), and the Plaintiff CNH America LLC's ("CNH") motion to supplement the record (Docket No. 17). These motions are addressed herein.

## Extension of Time and Supplementation of the Record

       The UAW requests an extension of time to file its answer or otherwise respond to the complaint until the Court decides its motion to transfer. CNH consents to the UAW's motion for an extension of time. Therefore, the motion for the extension of time is granted.

       CNH wants to supplement the record with two documents attached to its motion:

(1) the Case Corporation/UAW VEBA ("Voluntary Employee Benefit Association") Plan for Pre-IPO ("Initial Public Offering") Retirees effective October 1, 1998; and, (2) the Trust Agreement in Connection with Case Corporation/UAW VEBA Plan for Pre-IPO Retirees. The UAW does not oppose the motion to supplement the record. However, it argues that the supplemental materials contradict CNH's argument that the contracts demonstrate that the parties agreed that litigation would occur in this District. Because these documents may inform the Court's decision and, in the absence of opposition by the UAW, CNH's motion to supplement the record is granted.

### Transfer to the Eastern District of Michigan

The UAW moves to transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The UAW asserts that the transfer is overwhelmingly "in the interest of justice" because there is ongoing litigation of the same issues in that District and the transfer would serve the convenience of the parties and the witnesses. CNH opposes the motion asserting that the issues in this action differ from those in *Yolton v. El Paso Tennessee Pipeline Co.*, Case Number 02-75164 (*Yolton II*) which is pending in the Eastern District of Michigan. CNH also relies upon the following facts: its headquarters are in this District; all the operative events underlying this action occurred in this District; and, CNH's expected witnesses live and work in this District. CNH also maintains that this District's civil docket is far less congested than that of the Eastern District of Michigan, and this Court is better able to interpret the Wisconsin law governing CNH's state law claims.

A brief summary of the allegations of the CNH's Complaint in this action against the UAW provides context for the motion to transfer. By its Complaint, CNH seeks compensation for misrepresentations allegedly made by the UAW in 1998 in connection with a collective bargaining agreement that it entered into with CNH on behalf of retirees. Specifically, CNH's Complaint alleges that, as a part of CNH's collective bargaining agreement with the UAW in 1998, CNH agreed to pay and paid $24.7 million into a VEBA trust that would defray the cost of health insurance premiums for several thousand UAW-represented retirees. The Complaint alleges that in consideration for CNH's payment into the VEBA trust, the UAW provided CNH with a full release from liability for the future cost of the retirees' health care benefits that exceeded an agreed-upon cap. The Complaint further alleges that, at all times during the 1998 negotiations, the UAW presented itself as the bargaining agent for the retirees, with full authority to enter into the deal that was reached and that CNH reasonably relied upon the UAW's authority.

The Complaint alleges that despite the VEBA trust and the terms of the release, in October 2002 when the VEBA trust was essentially exhausted, the retirees and the UAW sued CNH and El Paso Tennessee Pipeline Company ("El Paso") in the United States District Court for the Eastern District of Michigan for the payment of the cost of certain health care benefits for the retirees, *Yolton v. El Paso Tennessee Pipeline Co.*, Case Number 02-40340 ("*Yolton I*"). That action was voluntarily dismissed by the plaintiffs. However, at the same time, the individual plaintiffs filed a new lawsuit against CNH and El Paso, *Yolton II*, alleging the same facts and seeking the same relief as sought by *Yolton I*. The Complaint alleges that

3

the UAW has been funding the ensuing litigation. *Yolton II* is pending in the Eastern District of Michigan. The complaint alleges that an issue in *Yolton II*, that has not yet been decided, is whether the UAW possessed the authority to negotiate the release. CNH expects to try the release defense before that district court.

The Complaint alleges that either way the issue is decided by *Yolton II*, the UAW's conduct renders it liable for monetary damages. The Complaint states that if the retirees prevail, CNH will have been deprived of the benefit of the $24.7 million bargain. Alternatively, if CNH prevails on the issue of the release, CNH will have lost millions of dollars in attorneys fees and litigation costs due to the UAW's sponsorship of the retirees' lawsuit. The Complaint asserts a claim for breach of the 1998 collective bargaining agreement under 29 U.S.C. § 185(a) (Count I). It also asserts three claims under Wisconsin common law: breach of an implied warranty of authority (Count II); intentional misrepresentation (Count III); and, negligent misrepresentation (Count IV).[1]

Section 1404(a) of Title 28 of the United States Code states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988). "The weighing of factors for and

---

[1]The UAW states that it will move to dismiss CNH's common law claims on the ground that they are preempted by 29 U.S.C. § 185(a).

4

against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Ironworks*, 796 F.2d 217, 219 (7th Cir. 1986).

CNH has the burden of showing that "the transferee forum is clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). *See also, Harley-Davidson Motor Co. v. Motor Sport, Inc.*, 960 F. Supp. 1386, 1394 (E.D. Wis. 1997). "[R]elated litigation should be transferred to a forum where consolidation is feasible." *Van Dorn Ironworks*, 796 F.2d at 221.

A party seeking transfer under Section 1404(a) must establish that: 1) venue is proper in both the transferor court and the transferee court, and 2) the transfer is for the convenience of the parties and witnesses and in the interest of justice. *Id.* at 219 n.3; *K&F Mfg. Co. v. W. Litho Plate & Supply Co.*, 831 F.Supp. 661, 664 (N.D. Ind. 1993); *Cent. States, Se. & Sw. Areas Pension Fund v. Stephens*, 720 F.Supp. 126, 127 (N.D. Ill. 1989). In deciding whether the moving party has made the necessary showing, the Court may rely on the allegations of the complaint and also may receive and weigh the affidavits submitted by the parties. *See Heller Fin., Inc.*, 883 F.3d at 1293-94.

In evaluating the convenience and fairness of transfer under § 1404, the courts consider both private and public interests. *PKWare, Inc. v. Meade*, 79 F.Supp. 2d 1007, 1019 (E.D. Wis. 2000); *Harley-Davidson, Inc. v. Columbia Tristar Home Video, Inc.*, 851 F.Supp. 1265, 1270 (E.D. Wis. 1994). When evaluating the private interests – the convenience of the parties and witnesses – courts consider the plaintiff's choice of forum, the situs of material

5

events, the availability of evidence in each forum, and the convenience of the parties relative to their respective residences and abilities to litigate in the respective forums. *PKWare, Inc.*, 79 F.Supp.2d at 1019; *Vanguard Mun. Bond Fund, Inc. v. Thomson Pub. Corp.*, 974 F.Supp. 1159, 1161 (N.D. Ill. 1997); *see also, Harley-Davidson, Inc.*, 851 F.Supp. at 1270. "When [the] plaintiff and [the] defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 665 (7th Cir. 2003). The public "interests of justice" considerations include judicial economy, the expedient administration of justice, and the availability of compulsory process over material witnesses. *PKWare, Inc.*, 79 F.Supp.2d at 1019; *Harley-Davidson, Inc.*, 851 F.Supp. at 1270.

Under § 1404(a) the threshold inquiry is whether the transferee district, the Eastern District of Michigan, is one in which the action "might have been brought." Section 301(a) of the Labor Management Relations Act of 1947, provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). CNH does not dispute that this action could have been brought in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(a). Thus, the threshold requirement for transfer is satisfied.

The next issue is whether the UAW has demonstrated that the Eastern District of Michigan is "clearly more convenient" than the Eastern District of Wisconsin. *Heller Fin. Inc.*, 883 F.2d at 1293. The plaintiff's choice of forum is generally entitled to some weight, particularly because CNH's headquarters are located in this District.[2] *PKWare, Inc.*, 79 F.Supp.2d at 1019. The contract at issue was negotiated, executed, and largely performed in this District. (Compl. ¶ 9).

With respect to the convenience of the parties and witnesses, CNH states that "the witnesses likely to be called at trial" include two individuals who reside in this District and are not employed by CNH. (Rogaczewski Decl. ¶¶ 3-5.) CNH states that it is important that the forum where the action is litigated have the power, if necessary, to compel their attendance at trial. Five out of seven of the UAW potential witnesses live in the Detroit area and one of those individuals works at the UAW headquarters in Detroit. (Mem. Supp. Def.'s Mot. Transfer, Ex. 4 (Clark Decl.) ¶ 2.) The two other individuals are residents of Oklahoma City, Oklahoma and Burlington, Iowa, respectively. (*Id.*) There is an additional individual – a resident of Michigan – who may be a witness if the instant action raises any issues relating to the discussions with CNH leading up to the initiation of *Yolton I*. (*Id.*)

The UAW states that "all relevant documents have almost certainly already been produced and are located at law offices in Michigan." (Mem. Supp. Def.'s Mot. Transfer 17.) According to the UAW, "[t]hese documents run to the tens of thousands of pages. They have

---

[2]CNH alleges that it is a Delaware limited liability company and its headquarters are located in Racine, Wisconsin. (Compl. ¶¶ 4, 8.)

been identified and are stored at the offices of counsel for the *Yolton*" (and *Reese*[3]) plaintiffs in Southfield, Michigan. (*Id*. at 20.) The UAW asserts that it would be most efficient to begin discovery with examination of those documents – they state that some are covered by protective orders that would need to be modified to allow the UAW access to them and that would require involvement of the judicial officer who presided over discovery in the Detroit cases. (CNH indicates that it does not intend to conduct redundant discovery in this action and it expects that the discovery obtained in *Yolton II* will be usable in this litigation.)

This forum is more convenient for CNH. Although the UAW has established that Michigan would be more convenient for it and its witnesses, the preference afforded to CNH's choice of forum is a factor weighing against transfer. Neither the convenience of the parties nor the witnesses require the transfer of this case to the Eastern District of Michigan. It is well established that a transfer should not be granted when it would merely shift, rather than eliminate, the inconvenience of the parties. *Generac Corp. v. Omni Energy Sys. Inc.*, 19 F. Supp.2d 917, 923 (E.D. Wis. 1998).

The final §1404(a) factor is the public "interests of justice" consideration which focuses on the efficient administration of the court system, the availability of compulsory process over material witnesses, and judicial economy. *PKWare, Inc.*, 79 F.Supp.2d at 1019. The UAW asserts that, in the current venue, its former representatives would be beyond the subpoena power of the court. If the action is transferred to Michigan, CNH maintains that its

---

[3]There is a second lawsuit brought by post-IPO retirees against CNH, *Reese v. CNH America L.L.C.*, Case Number 04-cv-70592, that was litigated in the Eastern District of Michigan. (Mem. Supp. Def.'s Mot. Transfer 2.) *Reese* is now the subject of three appeals in the Sixth Circuit. (*Id*.) United States Court Judge Patrick J. Duggan, presided over *Reese* and is currently presiding over *Yolton II*.

two material witnesses will be outside that court's subpoena power.  Thus, in either venue one party will be disadvantaged if its currently contemplated witnesses will not voluntarily attend the trial.

Statistics presented by the parties regarding the relative caseload in two districts and case disposition time establish that the median time for the disposition of actions in this District is not materially different than in the Eastern District of Michigan.  Thus, the statistics do not support or militate against transfer.

However, the final consideration – judicial economy tips the balance in favor of the transfer of this action to the Eastern District of Michigan where one of the central issues in this litigation is being litigated.  The UAW's submissions establish that the issue of the UAW's authority to represent the retirees was presented in *Yolton II*.  Summary judgment on the issue was denied.  *See Yolton v. El Paso Tenn. Pipeline Co.*, Case. No. 02-75164, 2008 WL 2566860 (E.D. Mich. Mar. 7, 2008).  The judge who has presided over *Yolton II* for the past six years has extensive familiarity with the facts of the case and the applicable law.  Given the protracted history of the related litigation in the Eastern Michigan, the Court finds that the interest of justice is too well served by transfer to deny the motion.  *See Van Dorn Ironworks*, 796 F.2d at 220 ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." (citations omitted)).  Having considered all the relevant factors pertinent to the determination, the Court grants the UAW's motion to transfer this action to the Eastern District of Michigan.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.      The UAW's motion to extend time to answer or otherwise respond to the complaint (Docket No. 5) is **GRANTED**;

2.      The UAW's motion to transfer (Docket No. 8) is **GRANTED**; and,

3.      CNH's motion to supplement the record (Docket No. 17) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 12th day of February, 2009.

**BY THE COURT**


*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**