UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CNH AMERICA, LLC,

      Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA,

      Defendant.
_____/

Case No. 09-10584
Honorable Patrick J. Duggan

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 30, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On August 26, 2008, Plaintiff CNH America, LLC ("CNH") initiated this action against Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") in the United States District Court for the Eastern District of Wisconsin ("Wisconsin Court"). The UAW subsequently filed a motion asking the Wisconsin Court to transfer CNH's Complaint to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The Honorable Rudolph T. Randa, to whom CNH's action had been assigned, granted the UAW's motion and CNH's Complaint was transferred to this Court on February 17, 2009.

Now pending is CNH's motion to transfer the matter back to the Wisconsin Court, which CNH filed on February 27, 2009. The motion has been fully briefed. On April 29, 2009, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to CNH's motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

## CNH's Arguments

In its motion, CNH argues that Judge Randa incorrectly assessed the only factor that persuaded him to transfer CNH's Complaint to this jurisdiction. Specifically, CNH maintains that Judge Randa erred in concluding that the interests of judicial economy favor this forum based on a related lawsuit that has been litigated before this Court for the past six years and a half years: *Yolton v. El Paso Tennessee Pipeline Co.*, Civil Action No. 02-75164 (E.D. Mich. filed Dec. 23, 2002) ("*Yolton II*").[1] CNH contends that, contrary to Judge Randa's assessment, the issues litigated in *Yolton II* will not be re-litigated in this action. CNH argues that, because none of the issues in the two cases are the same and in fact "are very different," "there is nothing uniquely efficient about having this Court adjudicate the [current] dispute . . .." (Pl.'s Mot. at 1; Br. in Supp. of Mot. at 5.) Therefore, CNH continues, Judge Randa was incorrect in finding that the interests of judicial economy favor transferring its Complaint to this jurisdiction. As Judge Randa

---

[1]In his decision, Judge Randa used "*Yolton II*" to refer to the still-pending *Yolton* litigation and "*Yolton I*" to refer to a related lawsuit initiated by the UAW in 2002, that the UAW subsequently dismissed. The parties use the same terms in their pleadings. To avoid confusion, this Court will do the same in this Opinion and Order.

found that the remaining factors relevant to his analysis either favored the Wisconsin venue or neither venue, CNH maintains that the action should be transferred back to the Wisconsin Court.

## Applicable Law and Analysis

The factors that Judge Randa considered in determining whether CNH's complaint should be transferred to this forum pursuant to 28 U.S.C. § 1404(a) are the same factors that this Court must assess in deciding CNH's pending motion.[2]  However, "[b]ecause this case involves the successive rulings by coordinate courts in the same case, [this Court's] analysis is further guided by the doctrine of the law of the case." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  The law of the case doctrine provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1983)).

The Supreme Court and the Sixth Circuit Court of Appeals have indicated that the

---

[2] These factors, which are derived from the language of § 1404(a), are as follows:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994) (citation omitted).

law of the case doctrine plays a particularly important role with respect to decisions whether to transfer a case from one forum to another:

> Because of the possibility of forcing a transferred case into perpetual litigation by playing "jurisdictional ping-pong," the law of the case doctrine applies "with even greater force to transfer decisions than to decisions of substantive law."

*Moses*, 929 F.2d at 1137 (quoting *Christianson v. Colt*, 486 U.S. 800, 816, 108 S. Ct. 2166, 2178 (1988)).  As the Supreme Court warned: "Transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."  *Christianson*, 486 U.S. at 816, 108 S. Ct. at 2178.  Nevertheless, there are instances where a judge's departure from the law of the case doctrine is justified.

The Sixth Circuit has identified three circumstances under which a judge rightfully reconsiders a coordinate court's decision in the same case: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."  *Hanover Ins. Co. v. Amer. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (citation omitted).  With respect to the third reason, the Supreme Court has advised that "plausible" decisions are not "clearly erroneous" and thus, "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."  *Christianson*, 486 U.S. at 819, 108 S. Ct. at 2179 (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).  As set forth in the preceding section, CNH

relies on this last reason to argue that this Court should transfer its Complaint back to the Wisconsin Court despite Judge Randa's decision that it should be litigated here.

Judge Randa's decision, however, is not "clearly erroneous." In its Complaint, CNH seeks compensation for misrepresentations it alleges the UAW made in 1998 in connection with a collective bargaining agreement that it entered into with CNH. The UAW's alleged misrepresentations relate to an agreement requiring CNH to contribute funds to a Voluntary Employee Benefit Association ("VEBA") trust that would defray the cost of health insurance premiums for certain retirees ("VEBA Agreement"). CNH contends that the UAW misrepresented that it had full authority to enter the VEBA Agreement on behalf of the retirees and promised that CNH's contribution would relieve it of any future liability for the costs of the retirees' health insurance benefits.

This Court is extensively familiar with the facts and issues relevant to the VEBA Agreement as it has been a central part of the dispute in *Yolton II*. In fact, this Court recently conducted a three day bench trial related specifically to whether the UAW had authority to enter into the VEBA Agreement on behalf of the retirees and what promises were made to CNH with respect to the VEBA Agreement. Therefore, it appears that Judge Randa's assessment is correct that at least one of the issues central to CNH's complaint already is being litigated in the Eastern District of Michigan. But even if the issues related to the VEBA are not identical in the two cases, they are so related both in the facts involved and the relevant law that this Court's extensive familiarity with the same supports Judge Randa's opinion that the interests of justice will be served by

5

adjudicating those issues here.

In light of the Court's conclusion that Judge Randa's decision is not clearly erroneous, it finds no justification for departing from the law of the case doctrine. As such, this Court's "jurisdictional inquiry is at an end" and it will not disturb Judge Randa's conclusion that § 1404(a) favors litigation of CNH's lawsuit in this venue.

Accordingly,

**IT IS ORDERED**, that CNH America LLC's Motion to Transfer is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Bobby R. Burchfield, Esq.
Norman C. Ankers, Esq.
Julia Penny Clark, Esq.
Judith Miller, Esq.
Daniel W. Sherrick, Esq.
Michael F. Saggau, Esq.